■ GENERAL INDUSTRIES, INC., Appellant, v JOE NORBAN, INC., et al., Respondents, et al., Defendants.—Order, Supreme Court, New York County, entered August 1, 1974 denying plaintiff's motion for summary judgment with respect to the second cause of action and granting defendants-respondents' cross motion to dismiss the fourth cause of action, unanimously affirmed, with $60 costs and disbursements to respondents. The record establishes that there are triable issues of fact precluding summary judgment with respect to the second cause of action. More specifically, it cannot be said as a matter of law that the agreement dated July 8, 1971 (referred to as an agreement of lease) constituted a sale of the assets of El Morocco

International, particularly in view of the provision in the "lease" permitting Club El Morocco Inc. to terminate the lease upon one year's written notice *(Berman v Keener,* 85 NYS2d 483; *Zora Realty Co. v Green,* 60 NYS2d 440). Nor may it be held at this point in the action that the afore-mentioned lease constituted a "divestiture by the Board of Directors of its operation and management of the affairs of the Company", since at the very least, there is a factual issue as to whether the phrase "affairs of the Company", refers to the corporation (International) or to the restaurant itself. And, as stated by the court below, it has not been demonstrated that the board divested itself of the management of the corporation. With respect to the fourth cause of action, we agree that it was properly dismissed without leave to replead. In the fourth cause of action it is alleged that the defendants agreed that plaintiff could participate equally with them in an option to purchase the premises occupied by El Morocco and that defendants failed to "give plaintiff proper notice with respect to the exercise of said option or to give plaintiff an opportunity to participate in said purchase or in the individual exercise of the said option." However, there is nothing in the record to indicate that the option was ever exercised and pursuant to the parties' letter agreement of April 26, 1969, defendants were only obligated to give notice of their intent to exercise their option and had no duty to advise of any decision not to exercise the option. Concur—Markewich, J. P., Kupferman, Tilzer, Capozzoli and Nunez, JJ.